IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAVIER BELTRAN and | § | |
| ELIZABETH BELTRAN | § | |
| | § | |
| vs. | § | Civil Action No. 3:16-cv-00057 |
| | § | |
| PACIFIC SPECIALTY INSURANCE | § | |
| COMPANY | § | |

## DEFENDANT PACIFIC SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW Pacific Specialty Insurance Company (**"PSIC"**), the only named defendant in the above-styled and numbered cause, and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), petitions this Court for removal of an action filed against PSIC in the 210th Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. In support of this removal, PSIC would respectfully show this Court the following:

## I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

1.      This case presents an insurance coverage dispute between Plaintiffs Javier and Elizabeth Beltran (**"Plaintiffs"**) and PSIC. *See* Exhibit A (Pl. Orig. Pet.). Plaintiffs' residence was insured under a Texas Homeowner's Insurance Policy issued by PSIC. *Id.* at IV, p. 2. Plaintiffs allege their home "sustained a covered loss in the form of wind and/or hail and damages resulting therefrom[.]" *Id.* at ¶IV, p. 3. Plaintiffs further allege

PSIC "failed to conduct a full, fair and adequate investigation" and "wrongfully denied Plaintiffs' claim for repairs." *Id.*

2.     On December 23, 2015, Plaintiffs filed this lawsuit in the 210th Judicial District Court of El County, Texas. *Id.* at p. 1.  Plaintiffs assert causes of action against PSIC for breach of contract, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.  *Id.* at ¶¶V, pp. 5-7.  Plaintiffs expressly seek to recover the following alleged damages in this lawsuit: "benefit of the bargain damages," "actual damages," "compensatory damages," exemplary damages, "three times the amount of actual damages," and 18% interest. *Id.* at ¶VII., pp. 8-9.  Plaintiffs also seek to recover attorneys' fees.

3.     As addressed in further detail below, PSIC now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages listed above exceed the jurisdictional limits of this Court.

## II.
### REMOVAL IS TIMELY

3.     PSIC was served with a copy of Plaintiffs' Original Petition on January 27, 2016. *See* **Exhibit A**.  Pursuant to 28 U.S.C. §1446(b)(3), PSIC now timely files this Notice of Removal within 30 days after service and receipt of Plaintiffs' Original Petition. Additionally, this case is being removed within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

### III.
### GROUNDS FOR REMOVAL

4.     Removal is proper because subject-matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332(a).

### A.     Amount in Controversy Exceeds $75,000

5.     The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).  Specifically, in their Petition, "Plaintiffs seek monetary relief, the maximum of which is over $100,000, but not more than $200,000." *See* **Exhibit A** (Pl. Orig. Pet.) at ¶X.

### B.     Complete Diversity of Citizenship between Plaintiff and PSIC

8.     There is also complete diversity of citizenship between all parties to this lawsuit. Plaintiffs are both citizens of Texas. *Id.* at ¶II.  PSIC is a citizen of California because it is a California corporation with its principal place of business in California. *See* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  PSIC is *not* a citizen of Texas. *Id.*

### IV.
### CONSENT NOT REQUIRED

9.     PSIC is the only named defendant in this lawsuit, and therefore PSIC was not required to obtain any party's consent prior to removal. *See* 28 U.S.C. §1446(b)(2)(A).

## V.
## VENUE IS PROPER

**10.**     Venue is proper in this court under 28 USC §1441(a), because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 210th Judicial District Court of El Paso County Texas, is located in the United States District Court of the Western District of Texas, El Paso Division. *See* 28 U.S.C. §124(d)(3).

## VI.
## PSIC HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**11.**     As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon PSIC are attached to this Notice of Removal, and includes the following: [1]

- **Exhibit A:** Plaintiffs' Original Petition; and
- **Exhibit B:** Defendant's Original Answer.[2]

**12.**     Upon filing this Notice of Removal, PSIC will also file its Corporate Disclosure Statement, as required under Federal Rule of Civil Procedure 7.1.

**13.**     On filing of this Notice of Removal, PSIC will promptly provide written notice to Plaintiffs and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**14.**     In the event this Court subsequently identifies a defect in this Notice of Removal, PSIC respectfully requests this Court to grant PSIC leave to amend this Notice and cure

---

[1] The State court judge(s) did not sign any orders in this case.

[2] On February 19, 2015, PSIC filed an Answer in the state court proceeding. *See* FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

15.     By filing this Notice of Removal, PSIC does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

16.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VII.
### CONCLUSION

WHEREFORE, Defendant Pacific Specialty Insurance Company represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 210th Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted and signed pursuant to
Federal Rule of Civil Procedure 11,


GERMER BEAMAN & BROWN PLLC
301 Congress Ave, Suite 1700
Austin, Texas 78701
(512) 472-0288
(512) 472-9280 (Fax)



By:    */s/Ryan C. Bueche*
       Ryan Bueche (Lead Counsel)
       State Bar No. 24064970
       rbueche@germer-austin.com
       R. Chad Geisler (Associate Counsel)
       State Bar No. 00793793
       cgeisler@germer-austin.com

**ATTORNEYS FOR PACIFIC SPECIALTY
INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby by my signature below that a true and correct copy of the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of Texas on this the 19th day of February, 2016.

    Kevin S. Baker/Michelle C. Le
    KETTERMAN ROWLAND & WESTLUND
    16500 San Pedro, Ste. 302
    San Antonio, Texas 78232


       */s/Ryan C. Bueche*
       Chad Geisler / Ryan C. Bueche